**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-05043-01-CR-SW-BP |
| ) | |
| KENNETH SCOTT MCKEE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO CONTINUE
TRIAL SETTING AND PRETRIAL CONFERENCE**

COMES NOW the defendant, Kenneth Scott McKee, by and through his counsel, and respectfully moves this Honorable Court to continue the trial of this matter from the joint criminal docket on January 7, 2019, to the joint criminal docket on June 10, 2019, and to continue the pretrial conference set for December 11, 2018 at 9:30 a.m. In support of this motion, the defendant offers the following memorandum in support:

**MEMORANDUM IN SUPPORT**

1. On November 6, 2018, the United States charged the defendant in an indictment with 17 counts of violating 18 U.S.C. § 1115, known as the seaman's manslaughter statute.

2. Mr. McKee was arraigned on November 13, 2018, and entered pleas of not guilty. He was released on a personal recognizance bond. The trial was placed on the joint criminal docket on January 7, 2019.

1

3.     This is a highly complex prosecution in that the government has charged the defendant in 17 counts with multiple averments of alleged negligence under 18 U.S.C. §§ 1115 and 2.  The charging statutes themselves raise issues that will require motion practice as applied to the instant matter.

The factual predicate for the instant indictment arises from an incident occurring on July 19, 2018, on Table Rock Lake in which several passengers died during a recreational duck boat ride during a storm.

There is a need to review and analyze a large amount of discovery that was received by undersigned counsel on November 27, 2018.  The discovery consists of documents, interviews, videos, logs and weather reports. The government has also indicated that shortly before the indictment was returned, over 10,000 documents were produced by Ripley Entertainment to the government that this individual defendant, by and through counsel, must review and organize.

The discovery must also be reviewed in order to continue the process of identifying and retaining experts in various fields, including, but no limited to, meteorology.  Further, the discovery review will undoubtedly lead to the necessity of interviewing fact witnesses as well.

A wide variety of legal motions need to be researched and prepared. These will include motions to dismiss, at least one of which that may require a hearing.

All of these efforts are necessary in order to render the effective assistance of counsel.

4. In light of the basis for the continuance request discussed above, the undersigned represents to the Court that as to defendant, the benefits of excluding the requested continuance for purposes of the Speedy Trial Act exceed the costs to defendant of not excluding such time.

5. As to the interest of the public, a trial will require significant costs including, but not limited to: (a) lost time and wages to a jury panel; (b) lost time and wages to the jury itself; (c) lost time to the government, including law enforcement, that the government may have otherwise utilized to further its obligations to protect the public; and (d) lost time to the Court that the Court may have otherwise utilized to hear and to resolve various cases before it.

6. In consideration of these factors, the benefits to the public of excluding the requested continuance for purposes of the Speedy Trial Act exceed the benefits to the public of not excluding such time. Furthermore, the government does not oppose such exclusion.

7. The defendant's interests, the public's interests and the government's interests in granting the requested extension outweigh the interests of the same parties in not excluding such time pursuant to 18 U.S.C. § 3161(h)(7)(B). The defendant understands that by virtue of his filing of this motion, any period of delay granted by the Court shall be excluded in calculating the time within which his trial must commence

pursuant to 18 U.S.C. § 3161(h)(7)(A) and hereby acknowledges and waives his right to a speedy trial.

8. Undersigned counsel has contacted Assistant United States Attorneys Casey Clark and Randy Eggert, and they have no objection to a continuance to the June 2019 joint criminal trial docket.

WHEREFORE, the defendant respectfully requests an Order from this Court granting his motion to continue the trial setting from the joint criminal docket of January 7, 2019, to the joint criminal docket on June 10, 2019, and to continue the pretrial conference set for December 11, 2018 at 9:30 a.m., and for any further relief deemed just and proper in the premises.

Respectfully submitted,

WYRSCH HOBBS & MIRAKIAN, P.C.

By: /s/ James R. Hobbs
 JAMES R. HOBBS  #29732
 One Kansas City Place
 1200 Main St., Suite 2110
 Kansas City, Missouri 64105
 Tel:   (816) 221-0080
 Fax:  (816) 221-3280
 jrhobbs@whmlaw.net

***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of November, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ James R. Hobbs
*Attorney for Defendant*